UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL LEE GORDON,

    Plaintiff,

v.                                           CASE NO. 5:14-cv-89-Oc-23PRL

DILBERT SAVORS, et al.,

    Defendants.
                                          /

**ORDER**

Michael Lee Gordon (1) moves (Doc. 1) under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 for an injunction, (2) moves (Doc. 4) for leave to proceed *in forma pauperis*, and (3) moves (Doc. 5) for a temporary restraining order. Gordon moves (a) to stop his transfer to USP Hazelton in West Virginia and (b) for placement in protective custody. Gordon states that transfer to USP Hazelton endangers his life, liberty, and personal safety.

"Proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). Further, the Prison Litigation and Reform Act of 1996 amended 28 U.S.C. § 1915 to add:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

With more than three civil actions or appeals dismissed as frivolous, malicious, or failing to state a claim for relief, Gordon is subject to Section 1915(g)'s three-strikes bar[*] absent imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), holds that "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." General allegations, not grounded in specific facts that show serious and imminent physical injury, fail to invoke the exception in Section 1915(g) to the "three-strikes" bar. The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A prisoner's claim of past imminent danger is insufficient to permit him to proceed *in forma pauperis* under the imminent danger

---

[*] *Gordon v. Day*, case number 1:03-cv-177, Docket No. 46 (E.D. Tex. 9/15/04) (dismissing case as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)) and Docket No. 59 (5th Cir. 5/16/06) (affirming district court's dismissal); *Gordon v. Lappin*, case number 3:05-cv-457, Docket No. 79 (dismissing access-to-court claim for failure to state a claim upon which relief may be granted) and Docket No. 85 (3rd Cir. 5/21/07) (dismissing appeal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)). A search of the Pacer Service Center's U.S. Party/Case Index shows that Gordon has filed approximately twenty prisoner civil rights cases.

exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir.1999) (holding that a plaintiff's placement in administrative confinement – before the filing of a complaint – ends the threat of assault by other prisoners, and the exception is not triggered).

Gordon fails to allege facts demonstrating imminent danger of serious physical injury. Accordingly, Gordon is barred by the "three-strikes" provision of 28 U.S.C. § 1915(g), and the motion for leave to proceed *in forma pauperis* (Doc. 4) is **DENIED**. The case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on April 22, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE